IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER M. CRAIG,

    Plaintiff,

v.

JUSTIN FLANERY,

    Defendant.
_____/

No. 2:08-cv-00248 MCE KJN PS

ORDER TO SHOW CAUSE

    Plaintiff, who is proceeding without counsel and in forma pauperis, filed a complaint against defendant, who is also proceeding without counsel, seeking damages for "slander per se." (Dkt. No. 9 (Amended Complaint).)[1] At the outset of this case, the court entered an order setting status conference, which set a status (pretrial scheduling) conference for June 25, 2008 and ordered the parties to submit status reports no later than seven days before the status (pretrial scheduling) conference. (Dkt. No. 5 at 2-3.) The order cautioned the parties that failure to comply with the Local Rules could result in sanctions. (Id. at 3-4.)

    The status (pretrial scheduling) conference has been continued several times and

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 42).

1

was ultimately set for March 25, 2010 at 10:00 a.m., before the undersigned. (Dkt. No. 43.) Accordingly, the parties were obligated to file status reports on or before March 18, 2010, pursuant to the court's order setting status conference. (See Dkt. No. 5).

The court's docket reveals that no status reports have been filed. Therefore, the status (pretrial scheduling) conference will be continued, and plaintiff and defendant will be ordered to show cause why they should not be sanctioned for failing to comply with their obligations to file such reports. See Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

In addition, it appears from review of the court's docket that although defendant has filed what the court has construed as an answer to plaintiffs amended complaint (Dkt. No. 33), defendant has not yet submitted an executed form consenting to or declining the jurisdiction of the United States Magistrate Judge. The undersigned will direct the Clerk of Court to send a copy of this form to defendant, and defendant will be ordered to submit a completed form by the date stated below.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The status conference currently scheduled for March 25, 2010, is

rescheduled for May 6, 2010, at 10:00 a.m., in Courtroom No. 25.

2. Plaintiff and defendant shall show cause, in writing, on or before April 22, 2010, why sanctions should not be imposed upon them for failure to file status reports in compliance with the court's order setting status conference.

3. The parties shall also file, on or before April 22, 2010, status reports (or a joint status report) setting forth the matters referenced in the court's order setting status conference (see Dkt. No. 5).

4. Furthermore, the Clerk of Court shall send to defendant the form for "Consent to/Decline of Jurisdiction of United States Magistrate Judge," and defendant shall complete and file that form with the court on or before April 22, 2010.

5. Failure of plaintiff or defendant to comply with this order may result in the imposition of sanctions including, in the case of plaintiff's failure to comply, a recommendation that this action be dismissed for lack of prosecution. See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED: March 23, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE